The complainant and defendant are next door neighbors on the west side of Wyoming avenue, South Orange, and between their houses lies a strip of land fronting forty feet on the avenue by one hundred and fifty-eight feet in depth which each claims. The complainant's property is to the north of the strip. The defendant built an enclosing fence along the northerly line of the strip and used the strip as his own. The complainant tore down the fence and brought an action in trespass and recovered six cents damages. In the law action the defendant counter-claimed and set up ownership to the strip and charged trespass by the complainant in tearing down the fence. After recovering, the defendant renewed the trespass in right of ownership, and the complainant filed this bill to restrain further interference with the enjoyment of the strip as part of his homestead. The defendant objects that the court has not jurisdiction because the trespasses are not irreparable and that the question of title is for the law courts and is unsettled, notwithstanding the judgment at law.
If the right of possession is in the complainant, repeated actions at law, for intermittent but threatened continuing trespasses, though trifling in damage, would obviously afford an inadequate remedy. Equity will take jurisdiction to avoid multiplicity of suits and to stop the annoyance and nuisance.
The judgment at law settled the right to the strip in the complainant. The defendant's argument is that it adjudges only that the fence was unlawfully put on the complainant's *Page 462 
land, and that it simply settled the ownership of the land upon which the fence stood. The record, so far as it has been introduced, discloses, and counsel concedes it to be the fact, that the issue presented and tried was the ownership of the forty-foot strip. The location of the fence was but an incident in the litigation, demarking the area of the strip in dispute. The judgment of defendant's guilt was not limited to the unlawful erection of the fence but extended to trespassing upon all the lot which the fence enclosed. The defendant has had his day in court and lost. He is bound by the verdict and he will be enjoined.